Affirmed and Opinion filed May 9, 2002















Affirmed and
Opinion filed May 9, 2002.

 

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00744-CR

_______________

 

ADEL
SHESHTAWY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from County Criminal Court at Law No. 12

Harris County, Texas

Trial Court Cause No. 1029693

                                                                                                                                                

 

O P I N I O N

            Adel Sheshtaway
appeals a conviction for assault[1] on
the grounds that: (1) the trial court erred by excluding photographs and
related testimony; (2) the evidence was legally and factually insufficient to
establish that the complainant was injured as a result of being grabbed by
appellant; and (3) the trial court erred in not ordering a mistrial with regard
to a police officer’s testimony.  We affirm.




 








Exclusion of Evidence

            Appellant’s first issue argues that
the trial court erred by excluding six photographs (the “photos”) that would
have shown that the injuries the complainant allegedly suffered from the
assault had actually been suffered before the assault and thus that her assault
claim was false.

            We review a trial court’s decision
to exclude evidence for abuse of discretion. 
See Burden v. State, 55 S.W.3d
608, 615 (Tex. Crim. App. 2001).  A
trial court’s evidentiary ruling will be sustained if it is correct under any
theory of law applicable to the case.  Dewberry v. State, 4 S.W.3d 735, 750
n.12 (Tex. Crim. App. 1999).

            In this case, although appellant’s
counsel argued at trial and argues on appeal that the injuries depicted in the
photos are very similar to those alleged to have been inflicted during the
assault, appellant’s brief cites no evidence in the record from trial to
establish any similarity between the two or even to establish how close the
photos were taken to the time of the assault. 
Nor does appellant cite any evidence to show any similarity between the
photos and the injuries appellant claims the complainant had already suffered
before the assault occurred.  Because
appellant’s first point of error thus fails to demonstrate the relevance of the
photos and any error by the trial court in excluding them for lack of
relevance, appellant’s first issue is overruled.

            Appellant’s second issue argues that
the trial court erred in excluding his testimony (the “testimony”) that the complainant
had admitted to him that the only photographs of her injuries were taken at the
Westside Police Station and by the District Attorney’s Office.  Appellant contends that this testimony would
have established that the photos discussed in issue one predated the
assault.  However, because the content of
the photos was not shown to be relevant, testimony showing that the photos
predated the assault was likewise not shown to be relevant.  Therefore, issue two does not demonstrate
error in excluding the testimony and is overruled.

Legal and Factual Sufficiency

            Appellant’s
third and fourth issues contend that the evidence was legally and factually
insufficient to establish that the complainant suffered bodily injury from the
assault alleged, i.e., that appellant
grabbed her with his hand.  In support of
both of these issues, appellant contends that there is no evidence of any
injury that was suffered by the complainant from being grabbed by appellant.

            In reviewing legal sufficiency, we
look at all of the evidence in the light most favorable to the prosecution to
determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  See Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  In
reviewing factual sufficiency, we look at all of the evidence in a neutral
light, and will reverse only if the evidence supporting guilt is so obviously
weak as to render the conviction clearly wrong and manifestly unjust, or if
that evidence, although adequate when taken alone, is so greatly outweighed by
the overwhelming weight of contrary evidence as to render the conviction
clearly wrong and manifestly 
unjust.  Id.

            A person commits an offense of
assault if he intentionally, knowingly, or recklessly causes bodily injury to
another, including his spouse.  Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp.
2002).  Bodily injury means physical
pain, illness, or any impairment of physical condition.  Id. § 1.07(a)(8) (Vernon 1994).

            In this case, there was evidence,
among other things, that: (a) appellant grabbed the complainant around the
neck, grabbed her by the left arm, and threw her to the ground; and (b) the
complainant had bruises around her neck and on her left arm after the assault
and/or the following day.  A rational trier of fact could have inferred from this evidence that
the complainant suffered pain, injury, or both from being grabbed by
appellant’s hand, and this evidence is not so obviously weak as to render the
conviction clearly wrong and manifestly unjust. 
Accordingly, appellant’s third and fourth issues fail to demonstrate
legal or factual insufficiency of the evidence and are overruled.




 

Mistrial

            Appellant’s fifth issue contends
that the trial court erred by denying his request for a mistrial after the
following exchange occurred:

Q:        Are you
required at any point before you decide to make an arrest, to interview a
defendant?

A:        No.

Q:        Are you
required to ask him what his side of the story is or how he feels about the
situation?

A:        No, they are going to lie anyway.

            Although the trial court sustained
appellant’s objection to this statement and instructed the jury to disregard
it, appellant argues that the comment was particularly egregious because this
officer was the primary witness for the State, and it was disparaging to
appellant and constituted a comment on his veracity. 

            Generally, a mistrial is required
only when improper evidence is clearly calculated to inflame the minds of the
jury members and is of such a character as to suggest the impossibility of
withdrawing the impression produced in their minds.  Hinojosa
v. State, 4 S.W.3d 240, 253 (Tex. Crim. App.
1999).  In all other situations, the jury
is presumed to follow the trial court’s instruction to disregard improperly
admitted evidence.  Id.  We
review a trial court’s denial of a mistrial for abuse of discretion.  Wood v.
State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).

            In this case, although the officer’s
comment was clearly inappropriate, it was not so inflammatory or prejudicial as
to require a mistrial.  Accordingly,
issue five is overruled, and the judgment of the trial court is affirmed.

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed May 9,
 2002.

Panel
consists of Justices Hudson, Fowler, and Edelman.

Do Not
Publish — Tex. R. App. P.
47.3(b).











[1]           The jury found appellant guilty and
assessed a $4,000 fine.